*Law Library*

**IN THE SUPERIOR COURT**
**OF GUAM**

THE PEOPLE OF GUAM,                        )      CRIMINAL CASE No. CF 0592-10
                                           )
                                           )
              v.                           )
                                           )      **DECISION AND ORDER**
                                           )      On Defendant's
VALENS VALENTINO,                          )      Motion for Deferred Plea
                                           )
                    Defendant.             )
_____)

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on September 7, 2012 on Defendant's Motion for Deferred Plea. The People of Guam were represented by Assistant Attorney General Christina Lum. The Defendant was represented by Assistant Public Defender Maria Fitzpatrick. Having reviewed the memorandum and papers presented, the court now issues the following decision DENYING the Defendant's Motion for Deferred Plea.

## FACTUAL HISTORY

The Defendant was indicted on charges of felony *Family Violence*, *Aggravated Assault* and *Child Abuse*, as well as misdemeanor *Assault* on October 15, 2010. On June 14, 2011 the Defendant filed three motions with the previous Family Violence Court judge, the Honorable Alberto C. Lamorena, III. The three motions asked the court to grant Diversion, reduce all felony charges to misdemeanors, and to strike submission of sealed Child Protective Services records. All three motions were denied.

On March 19, 2012 the Defendant filed a Motion for Reconsideration for Diversion arguing that there had been a change in circumstances and an error in the previous court's

rulings. On June 29, 2012 this Court issued an order denying the Defendant's Motion for Reconsideration on the basis that the Defendant did not meet the standards for reconsideration as established by the Supreme Court of Guam. On March 28, 2012 the amendment to the Family Violence Act took effect, replacing the former Diversion program with a Deferred Plea agreement. The Defendant has now filed a Motion for Deferred Plea to which the People have filed an opposition. For the following reasons, the Court now denies the Defendant's motion.

## DISCUSSION

The Defendant was indicted on felony charges of *Family Violence, Aggravated Assault* and *Child Abuse*, as well as misdemeanor *Assault*, for an alleged incident that occurred between him and his minor son on October 5, 2010. While the case was before the previous Family Violence Court Judge, the Defendant motioned that court for entry into the Diversion program. The Judge denied the Defendant's motion on the basis that he was statutorily ineligible pursuant to the Family Violence Act. When the case was later transferred to this court, the Defendant filed a motion for reconsideration challenging the previous Judge's rulings. Because the Defendant presented no new evidence and because motions for reconsideration do not exist to "secure a rehearing on the merits with regard to issues already decided," this Court denied the motion. *U.S. v. Demosthene*, 326 F.Supp.2d 531, 534 (S.D.N.Y. 2004).

The Defendant now moves the Court for a Deferred Plea agreement. Deferred plea agreements replaced the former Diversion program on March 28, 2012 for all cases involving charges of *Family Violence*. While the amendment replaced diversion's pre-trial probationary period with a deferred guilty plea, the eligibility requirements for both programs are nearly identical. The Defendant was not statutorily eligible for entry into Diversion, nor is he now statutorily eligible to receive a deferred plea. Nonetheless, the Defendant argues that the Court

should exercise discretion and grant him a plea agreement based upon changed circumstances since his initial arrest. The People oppose granting the Defendant a deferred plea arguing that a "denial for diversion is a denial for a deferred plea."

The Defendant is not statutorily eligible for a deferred plea for the same reason he was not eligible to enter the former Diversion program. The Family Violence Act makes explicit that a "defendant whose current charges involve serious bodily injury" is not eligible to receive the benefits of a deferred plea agreement. 9 GCA §30.80.1(a)(4) (2011). *Aggravated Assault* as a third degree felony is charged when an individual is accused of recklessly causing or attempting to cause "serious bodily injury to another." 9 GCA §19.20(a)(2). Because the Defendant was charged with *Aggravated Assault* as a third degree felony, he is statutorily ineligible for a *Family Violence* deferred plea agreement, much as he was statutorily ineligible for diversion.

The Family Violence Act makes a distinction between those Defendants who are statutorily ineligible for a Deferred Plea and those who are deemed ineligible based upon the discretionary power of either the prosecutor or the court. A defendant whose current charges involve serious bodily injury remains ineligible for a deferred plea "*unless* the court finds due to unusual circumstances deferral of the criminal proceedings is manifestly in the interest of justice." §30.80.1(a)(4) (emphasis in the original). To address this statutory requirement, the Defendant argues that he has "suffered enough punishment in this case" because he has been on house arrest for over a year. He further argues that the court should take judicial notice of the agreement he completed for the corresponding PINS case that arose from the same alleged incident with the Defendant's minor son.

The Defendant presents insufficient evidence to establish unusual circumstances that warrant deferring proceedings in the interest of justice. While it is true that the Family Violence

Act was recently amended, the change in the law does not make a defendant who was ineligible for diversion, now eligible for a deferred plea. The ineligibility criteria for both programs are nearly identical and it is difficult to imagine a factual scenario where a Defendant would be ineligible for one program, but eligible for the other. The evidence the Defendant presents to the Court in support of his current motion is the same evidence he presented in his previous two motions. There is no new evidence for the Court to evaluate and the fact that the Court has twice reviewed this same evidence and both times denied entry into Diversion does not now support granting the Defendant a deferred plea.

The Defendant was indicted on three felony charges involving violence for allegedly beating his minor son with a belt. The grand jury found reasonable cause to return an indictment on all three felony charges, including the *Aggravated Assault* charge involving serious bodily injury. The injuries sustained by the minor were "severe" according to the responding police officers, who felt it necessary to immediately transport the minor to Guam Memorial Hospital. This *Aggravated Assault* charge makes the Defendant statutorily ineligible for a deferred plea agreement pursuant to Family Violence Act. 9 GCA §30.80.1(a)(4) (2011). That the Defendant has completed a court-ordered period of house arrest and complied with the court-ordered terms of his corresponding PINS case does not constitute "unusual circumstances," nor does it change his eligibility status pursuant to the law.

## CONCLUSION

Based on the foregoing, the Court finds that the Defendant is statutorily ineligible for a deferred plea agreement pursuant to the Family Violence Act. Because the Defendant has provided insufficient evidence that granting a Deferred Plea is manifestly in the interest of justice, the Court will not use its discretion to override the mandate of the Act. Accordingly, the court DENIES the Defendant's Motion for Deferred Plea. Further Proceedings are set for DEC. 4 _____ 2012 at 9am.

SO ORDERED, this 30 day of November 2012.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

NOV 3 0 2012

Teresita S. Perez
Deputy Clerk, Superior Court of Guam